## In re TRACY.

### Patent Appeal No. 3399.

Court of Customs and Patent Appeals.
Dec. 10, 1934.

Fay, Oberlin & Fay, of Washington, D. C. (A. S. Nelson, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

All the claims of an application for a patent on toothed gearing for drive mechanism for automotive vehicles were rejected by the Primary Examiner of the United States Patent Office for want of invention in view of the prior art, which rejection was affirmed by the Board of Appeals. From the decision of the Board, appeal has been taken here.

The claims number from 40 to 44, inclusive, and claim 40 is regarded as illustrative and follows: "40. Toothed gearing, comprising a central pinion unsupported radially by any bearing, and an outer ring gear and intermediate idler pinions all being in a com-

mon plane perpendicular to the axis of the central pinion, said idler pinions each having teeth of a single pitch-diameter engaging said pinion and gear, a stationary support upon which said intermediate pinions are mounted, said idler pinions having loose mountings on the stationary support permitting radial movement controlled only by the balanced radial thrusts of the ring gear, idlers and central pinion in their common plane."

The references relied upon are: Rennerfelt, 726461, April 28, 1903; Farmer, 1305531, June 3, 1919; Cook et al., 1397366, Nov. 15, 1921.

The application shows a traction wheel within which is secured a ring gear, which gear has internal teeth, which teeth and a hub are inclosed by a housing. The drive shaft has a central pinion unsupported radially by any bearing. The axle sleeve, which is fixed, has certain projections, carriers, and roller bearings which support three pinions, called idler pinions, and which pinions are loosely placed for radial movement. It is the claim of the applicant that this gives extreme radial clearance or looseness of motion, which is an improved structural feature for tractor wheels which must necessarily travel over rough ground, and that uneven "drastic" wear is prevented and increased durability obtained by said structure.

The Examiner described the structure as follows: "The device under consideration is a drive for automotive wheels in which the load is equally distributed, thus causing the drive to be balanced. The wheels are driven by a pinion carried by the axle which meshes with three idler pinions which in turn mesh with a ring gear carried by the wheel rim. The idler pinions are loosely mounted on their bearing spindles, 18, so that about 1/64th of an inch clearance is provided in order to permit radial adjustment thus compensating for any maladjustment of the ring gear. Also, a longitudinal thrust bearing in the form of a ball bearing at the end of the axle is provided."

The Examiner then held that Farmer shows a plurality of idler pinions meshing with a ring gear carried by a driven tractor wheel such as shown by the applicant, except that the idler pinions are not loosely mounted. He stated that Rennerfelt shows that it is old to so mount driving members that they will freely move radially. The Examiner also said that Cook et al. "shows pinions which appear to be loosely mounted but the specification is not clear as to whether actual radial movement occurs. The patent, however, is at least strongly suggestive on this point." He further stated that claim 40 was typical, and that it calls for a central pinion unsupported radially by any bearing; that Rennerfelt and Cook et al. both show this feature to be old; that the claim calls for idler pinions of a single pitch diameter engaging an outer ring gear; and that this latter element is shown by Farmer, which reference also shows the next requirement of the claim which calls for a stationary support for the pinions. The Examiner further stated: "Rennerfelt is cited simply to show the particular mounting of the pinions as disclosed by the applicant which is certainly capable of permitting the desired radial movement of these gears and which does permit such movement in Rennerfelt's structure."

The Board of Appeals affirmed the action of the Examiner for substantially the same reasons as those assigned by the Examiner, and in referring to the Cook et al. reference, which, along with Rennerfelt, had been cited to show the loose mounting of the pinions, said: "It is our understanding that the Cook patent discloses the combination of a central pinion on a shaft without radial bearing support and idlers loosely mounted as is stated in the patent."

It is argued by the appellant that the indefinite language used by the Examiner and the Board in referring to the Cook et al. disclosure clearly indicates that the reference is not a proper one upon which to reject the claims of appellant. The Board takes up and discusses somewhat at length what the Examiner has said as to said reference and, in our opinion, shows its applicability to the claims involved here. Moreover, Cook et al. is cited as showing the same feature of the claims as Rennerfelt.

Appellant has filed an elaborate brief in which the references are thoroughly discussed and the action of the Examiner and the Board with reference thereto severely criticized. We have carefully studied the references and considered their applicability to appellant's disclosure, and believe that the Board of Appeals has correctly stated the functions of the different parts of said references and has arrived at the correct conclusion. We think the references completely anticipate appellant's application, and the decision of the Board of Appeals is affirmed.

Affirmed.